IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSEPHINE OKWU,<br><br>        Plaintiff,<br><br>    v.<br><br>CINDY MCKIM; JUDITH SMITH; DAVE SCHAEFER; ANNE STAUSBOLL; PETER H. MIXON; RORY J. COFFEY; DONNA RAMEL LUM; and DOES 1-10,<br><br>        Defendants. | 2:10-cv-0653-GEB-KJM<br><br><u>ORDER GRANTING MOTIONS TO DISMISS</u> |

        Defendants Cindy McKim, Judith Smith, and Dave Schaefer (collectively, "Cal Trans Defendants") move for dismissal of Plaintiff's First Amended Complaint ("FAC") under Federal Rules of Civil Procedure ("Rule") 12(b)(1) and 12(b)(6). Dismissal is sought under Rule 12(b)(1) for lack of subject matter jurisdiction, and under Rule 12(b)(6) for failure to state a claim.

        Defendants Anne Stausboll, Peter H. Mixon, Rory J. Coffey, and Donna Ramel Lum (collectively, "CalPERS Defendants") also move for dismissal of Plaintiff's FAC under Rule 12(b)(6) for failure to state a claim.

        Each defendants sued in his or her individual capacity also argues that qualified immunity shields him or her from liability for the allegations in Plaintiff's claims. However, in light of the ruling

below, it is unnecessary to address each Defendant's qualified immunity arguments.

Plaintiff states in her FAC that she alleges a single claim "for violation of the Federal Civil Rights Act", 42 U.S.C. § 1983 ("§ 1983"). (FAC 10:12-13.) Plaintiff alleges "[t]he federal rights at issue [in her § 1983 claims] are (a) Equal Protection Clause of the 14th Amendment and (b) the [Americans with Disabilities Act ("ADA").]" Id. ¶ 45. Plaintiff alleges Defendants "violated [her] civil rights . . . under the Equal Protection Clause of the 14th Amendment and the ADA . . . [by] deni[ng] her the right to reasonable accommodations as required under the ADA, and discrimin[ing] against her on the basis of her disability, in violation of the ADA and the Equal Protection Clause." Id. ¶¶ 57-60. Since all of Plaintiff's claims are plead under § 1983, and no claim is alleged directly under the ADA, Plaintiff's claims are analyzed under § 1983.

**I. Legal Standard**

A Rule 12(b)(6) dismissal motion tests the legal sufficiency of the claims alleged in a complaint. Novarro v. Block, 250 F.3d 729, 732 (9th Cir. 2001). Dismissal under Rule 12(b)(6) is appropriate only where the complaint either 1) lacks a cognizable legal theory, or 2) fails to allege "sufficient facts . . . under a cognizable legal theory." Balistreri v. Pacific Police Dept., 901 F.2d 696, 699 (9th Cir. 1988). To avoid dismissal, a plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 547 (2007).

In deciding a Rule 12(b)(6) motion, the material allegations of the complaint are accepted as true and all reasonable inferences are drawn in favor of the Plaintiffs. See al-Kidd v. Ashcroft, 580 F.3d 949,

956 (9th Cir. 2009). However, conclusory statements and legal conclusions are not entitled to a presumption of truth. See Ashcroft v. Iqbal, --- U.S. ----, 129 S. Ct. 1937, 1949-50 (2009); Twombly, 550 U.S. at 555. "In sum, for a complaint to survive a motion to dismiss, the nonconclusory 'factual content,' and reasonable inferences from that content, must be plausibly suggestive of a claim entitling the plaintiff to relief." Moss v. United States Secret Serv., 572 F.3d 962, 969 (9th Cir. 2009).

## II. Request for Judicial Notice

The Cal Trans Defendants' motion includes a request that judicial notice be taken of two documents: "The Board of Administration for the California Public Employees Retirement System ("Board") Decision dated January 29, 2009, attached as Exhibit A to [these defendants'] Request For Judicial Notice;" and "[t]he Settlement Agreement between the parties which was adopted by the California State Personnel Board ['SPB'] as its decision . . . [and] is attached as Exhibit B to [these defendants'] Request For Judicial Notice." (Cal Trans Def.'s Req. for Judicial Notice in Supp. of Mot. to Dismiss Compl. ("RJN") Exs. A-B.) Plaintiff does not oppose this request.

"As a general rule, a district court may not consider any material beyond the pleadings in ruling on a Rule 12(b)(6) motion." Lee v. City of Los Angeles, 250 F.3d 668, 688 (9th Cir. 2001) (internal quotation marks omitted). However, since the Board's Decision dated January 29, 2009, is attached to Plaintiff's FAC as Exhibit A, and the Board Decision discusses the Settlement Agreement of which judicial notice is sought, both documents are considered in the decision on the motion under the "'incorporation by reference' doctrine." Knievel v. ESPN, 393 F.3d 1068, 1076 (9th Cir. 2005). This doctrine applies "to

3

situations in which the plaintiff's claim depends on the contents of a document, the defendant attaches the document to its motion to dismiss, and the parties do not dispute the authenticity of the document, even though the plaintiff does not explicitly allege the contents of that document in the complaint." Id.

### III. Factual Allegations in FAC

Plaintiff alleges in her complaint that she "suffers from several mental disorders, including bi-polar disorder, Schizoaffective disorder, and Psychosis." (FAC ¶ 13.) Plaintiff further alleges on February 18, 2003, she was dismissed from her job with the California Department of Transportation ("Cal Trans"). Id. ¶ 14. Plaintiff appealed the dismissal to the SPB, and also filed a discrimination action with the SPB. Id. ¶¶ 15-16. Thereafter, Plaintiff and Cal Trans entered into a signed settlement agreement, which the SPB adopted. (RJN Ex. B.) The Settlement Agreement "state[s] in part that if [Plaintiff] was not to be fit for duty, she would apply for disability retirement ["DR"] with the California Public Employees Retirement System ("CalPERS")." (FAC ¶ 17.)

Plaintiff applied for disability retirement on September 3, 2003, and CalPERS approved Plaintiff's application on February 21, 2004. Id. ¶¶ 18,19. Subsequently, on May 18, 2004, Plaintiff filed an application for reinstatement to the job position she held before she was granted disability retirement. Id. ¶ 20.

On April 12, 2005, CalPERS sent Plaintiff and Cal Trans a letter stating it intended to grant Plaintiff's application for reinstatement. Id. ¶ 22. Cal Trans objected, and Plaintiff's application was subsequently denied in April 2005, because Plaintiff "was deemed disabled again due to her bi-polar disorder, Schizoaffective disorder,

4

and psychosis[.]" Id. ¶ 21. Plaintiff filed a second application for release from disability retirement on August 24, 2005. Id. ¶ 23.

A hearing was held on Plaintiff's "request for reinstatement from disability" before an Administrative Law Judge ("ALJ") on September 18 and November 24-25, 2008 Id. ¶ 27. At the hearing Rory J. Coffey represented CalPERS and Judith Smith represented Cal Trans. Id. ¶ 28. The ALJ issued a proposed decision on January 29, 2009 in which he denied Plaintiff's application, and CalPERS adopted the ALJ's decision on April 22, 2009. Id. ¶¶ 29-30, Ex. A.

Plaintiff sues Cindy McKim, the director of Cal Trans, and Anne Stausboll, the CEO of CalPERS, in their official capacities for injunctive relief, and in their individual capacities for damages. Id. ¶¶ 4-5, 8-9. Plaintiff also sues Judith Smith, Senior Legal Analyst at Cal Trans, Dave Schaefer, the Return to Work Coordinator within Cal Trans, Peter H. Mixon, General Counsel at CalPERS, Rory J. Coffey, Senior Staff Counsel at CalPERS, and Donna Ramel Lum, Chief of Benefit Services at CalPERS, in their individual capacities for damages. Id. ¶¶ 6-7, 10-12.

## IV. Discussion

Each Defendant argues Plaintiff's FAC should be dismissed since the damages and other relief Plaintiff seeks under § 1983 are not actionable, Plaintiff cannot state a § 1983 claim based on alleged violations of the ADA, and Plaintiff has not stated a viable equal protection claim. (Points and Authorities in Supp. Cal Trans Mot. ("Mot. Cal Trans") 8:24-26; CalPERS Mot. to Dismiss ("Mot. CalPERS") 6:25-9:4.)

"Section 1983 does not alone create substantive rights; rather, [it] merely provides a mechanism for enforcing individual rights secured elsewhere, i.e., rights independently 'secured by the

Constitution and laws' of the United States." Johnson v. City of Detroit, 446 F.3d 614, 618 (6th Cir. 2006) (internal quotation marks omitted). "To state a claim under § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of State law." Long v. County of Los Angeles, 442 F.3d 1178, 1185 (9th Cir. 2006). "A plaintiff will not be permitted to bring a section 1983 action if (1) the statute does not create an enforceable right, privilege, or immunity, or (2) Congress has foreclosed citizen enforcement in the enactment itself, either explicitly, or implicitly by imbuing it with its own comprehensive remedial scheme." Buckley v. City of Redding, 66 F.3d 188, 190 (9th Cir. 1995).

**§ 1983 Claim- Violation of Equal Protection Clause of the 14th Amendment**

The Cal Trans Defendants argue Plaintiff's § 1983 claim for violation of the Equal Protection Clause fails for lack of a class-based differential treatment allegation. (Mot. Cal Trans 14: 4-6.) The CalPERS Defendants argue that the Fourteenth Amendment does not require reasonable accommodation for employees with disabilities. (Mot. CalPERS 7:9-10.)

Plaintiff counters the FAC alleges the Defendants committed disability-based discrimination, which is a violation of the Fourteenth Amendment. (Opp'n Cal Trans 11:4-5; Opp'n CalPERS 11:3-4; see FAC ¶¶ 47-62.) Plaintiff alleges in the FAC that "[t]he defendants' conduct constitutes a federal violation because the state actors are denying plaintiff's right to employment without equal protection of law, in that the defendants are wrongfully refusing to allow her employment to be reinstated with reasonable accommodations under the A.D.A., all in


violation of the 14th Amendment's Equal Protection Clause of the U.S. Constitution." (FAC ¶ 64.)

The Supreme Court has concluded that "the class-of-one theory of equal protection has no application in the public employment context[.]" Engquist v. Oregon Dept. of Agr., 553 U.S. 591, 607 (2008).

> Thus, the class-of-one theory of equal protection-which presupposes that like individuals should be treated alike, and that to treat them differently is to classify them in a way that must survive at least rationality review-is simply a poor fit in the public employment context. To treat employees differently is not to classify them in a way that raises equal protection concerns. Rather, it is simply to exercise the broad discretion that typically characterizes the employer-employee relationship. A challenge that one has been treated individually in this context, instead of like everyone else, is a challenge to the underlying nature of the government action.
> Of course, that is not to say that the Equal Protection Clause, like other constitutional provisions, does not apply to public employers. Indeed, our cases make clear that the Equal Protection Clause is implicated when the government makes class-based decisions in the employment context, treating distinct groups of individuals categorically differently.

Id. at 605. "[T]he Equal Protection Clause [is not] implicated . . . where . . . government employers are alleged to have made an individualized, subjective personnel decision in a seemingly arbitrary or irrational manner." Id.

Plaintiff alleges in her FAC that Defendants "denied her the right to reasonable accommodations as required under the ADA, and discriminated against her on the basis of her disability, in violation of the ADA and the Equal Protections Clause." (FAC ¶ 53.) Plaintiff's class-of-one personnel decision discrimination allegation is not a cognizable theory of liability under the Equal Protection Clause.

In addition, "States are not required by the Fourteenth Amendment to make special accommodations for the disabled, so long as their actions toward such individuals are rational." Bd. of Trustees of

University of Alabama v. Garrett, 531 U.S. 356, 367 (2001). "If special accommodations for the disabled are to be required, they have to come from positive law and not through the Equal Protection Clause." Id. at 368. The CalPERS Defendants argue "[t]he state's Public Employee Retirement Law has a rational basis for requiring pension applicants to establish medical reasons for early retirement and for reinstatement to active duty after having previously been found medically unable to perform their duties." (CalPERS Reply 6:27-28.) Plaintiff's request for the special accommodation of reinstatement is being litigated in a state court action in which Plaintiff is challenging the adverse decision on her reinstatement request. Plaintiff has not shown that the Equal Protection Clause is implicated in any claim. This claim is dismissed without leave to amend since an amendment "could not possibly cure the deficiency" in this claim. DeSoto v. Yellow Freight Sys., Inc., 957 F.2d 655, 658 (9th Cir. 1992).

## § 1983 Claim– Violation of the ADA

Both the CalPERS and the Cal Trans Defendants argue the ADA is not enforceable under § 1983, citing as support for their argument the Ninth Circuit's holding in Vinson v. Thomas, 288 F.3d 1145, 1156 (2002). The Ninth Circuit held "that a plaintiff cannot bring an action under 42 U.S.C. § 1983 against a State official in her individual capacity to vindicate rights created by Title II of the ADA[.]" Id. Plaintiff responds that Vinson was decided under Title II of the ADA, and her claim alleges a violation under Title I. (Opp'n Cal Trans 8:27-28; Opp'n CalPERS 8:25-26.)

In Vinson, the Ninth Circuit stated: "the comprehensive remedial scheme of Title II of the ADA barred a section 1983 action against defendants in their individual capacities predicated upon a

8

Title II violation." 288 F.3d at 1155 (citing Alsbrook v. City of Maumelle, 184 F.3d 999, 1011 (8th Cir. 1999)). In Alsbrook, the Eighth Circuit reasoned "that the comprehensive enforcement mechanisms provided under . . . the ADA suggest Congress did not intend violations of [the ADA] to be also cognizable under § 1983." Alsbrook, 184 F.3d at 1011. This is because "Congress has provided [Title II] with detailed means of enforcement that it imported from Title VII [of the Civil Rights Act of 1964.]" Id. (internal quotation marks omitted). "Title I of the ADA invokes the same 'powers, remedies and procedures' as those set forth in Title VII." Walsh v. Nevada Dept. of Human Resources, 471 F.3d 1033, 1038 (9th Cir. 2006); 42 U.S.C. §§ 2000e-5, 12117. Since both Title I and Title II of the ADA provide a comprehensive remedial scheme patterned after Title VII, the Ninth Circuit's reasoning in Vinson applies with equal force to both Title I and Title II of the ADA. Therefore, Plaintiff's individual capacity § 1983 claims, through which she seeks to enforce Title I of the ADA is not actionable in light the comprehensive remedial scheme of Title I of the ADA.

Nor can Plaintiff bring a § 1983 claim against the individual Defendants in their official capacities to vindicate rights created by Title I of the ADA. Cherry v. City College of San Francisco, No. C 04-04981 WHA, 2006 WL 6602454, at *12 (N.D. Cal. Jan. 12, 2006) (extending the holding in Vinson and holding "that the official/individual capacity distinction does not alter the preclusive effect of Title II [of the ADA]"). "Section 1983 is not a vehicle to vindicate statutory rights secured by the ADA; rather, plaintiff must sue under the ADA directly." Hill v. Baca, No. CV 08-03834 CAS (AJW), 2010 WL 1727655, at *6 (C.D. Cal. April 26, 2010). This is because §

1983 cannot be used to enforce rights created by a statutory scheme that already includes comprehensive remedial measures.

For the stated reasons, Plaintiff's § 1983 claims against Defendants in their individual and official capacities based on a violation of Title I of the ADA are dismissed with prejudice because an amendment "could not possibly cure the deficiency" in this claim. DeSoto, 957 F.2d at 658.

### V. Conclusion

Therefore, each Defendant's dismissal motion is GRANTED and all of Plaintiff's claims are dismissed with prejudice. Judgment shall be entered in favor of Defendants.

Dated: January 19, 2011

_____
GARLAND E. BURRELL, JR.
United States District Judge